30 June 1999

NO. 4-97-1148

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v. ) Greene County

DOUGLAS E. GRAY, ) No. 96TR1606

Defendant-Appellee. ) 

) Honorable

) James W. Day,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

On October 1, 1996, police charged defendant by traf­fic citation and complaint with driving while license re­voked (DWR) (625 ILCS 5/6-303 (West 1996)).  In March 1997, the defendant filed a mo­tion to quash his ar­rest and dismiss the charges against him.  In Au­gust 1997, the trial court held an evi­den­tiary hearing on this motion.  In Sep­tem­ber 1997, the trial court is­

sued a writ­ten order grant­ing the defendant's mo­tion.  The State ap­pealed.  We affirm.

At the evidentiary hearing, Officer Patrick Kuykendall of the Greenfield police department testified that he was parked in the parking lot of a church on Illinois Route 67 in Green

field, Illinois, when an automobile containing defendant and a pas­sen­ger passed by.  The vehi­cle then pulled off the high­way onto North Prairie Street, parallel to Illinois Route 67 and partially blocking North Prai­rie Street.  Offi­cer Kuykendall ob­

served de­fendant leave the driver's seat and switch places with his pas­sen­ger, Malissa Tuey.  The car then continued down Illi-

­nois Route 67, and Officer Kuykendall stopped it a block lat­er.  The offi­cer asked defen­dant and Tuey to produce their driver's licenses and in­surance information.  Officer Kuykendall then recog­nized defen­dant as having his license revoked, and de­fen­dant told Offi­cer Kuykendall his license was re­voked.  Defendant was given a ticket for DWR.  

Kuykendall testified the reason he stopped the vehi­cle was that the switching of the drivers on the out­skirts of town made him rea­son­ably sus­pi­cious that the driv­er's license was re­

voked or sus­pended, or defendant might be want­ed on a warrant.  He stat­ed that his expe­ri­ence had taught him that most peo­ple who would stop to switch drivers when in town or in the presence of police had a good pos­sibility of being in such a category.  He suspected defendant and Tuey were trying to hide some­thing when they pulled off the road­way.

Kuykendall did not issue any ticket or warn­ing for stopping on the roadway.  Kuykendall did not say anything to defendant or Tuey about stopping on the roadway or blocking Prai­

rie Street.  Kuykendall's police report did not mention any such violation.  The first time such a violation was mentioned was during Kuykendall's testimony at the evidentiary hearing, when he testified that when the car pulled off the roadway it had commit­ted the offense of blocking Prairie Street.  Kuykendall admitted that Prairie Street was pretty wide, and he did not know if there would have been enough room for another car on Prairie Street to have gone around defendant's vehicle.  The trial court found there was no traffic violation and that the arresting officer did not objec­tively believe that any violation had occurred.     

Generally, a trial court's ruling on a motion to sup­

press evidence is subject to reversal only if it is manifestly erro­neous.  This clearly erroneous or manifestly erroneous test is based on the understanding that suppression motions usually raise mixed questions of law and fact.  Where neither the facts nor the credibility of the witnesses is contested, the determina­

tion of whether reasonable suspicion warranted an investigatory stop is a legal question that a reviewing court may consider 
de
 
novo
.  
Peo­ple v. Wardlow
, 183 Ill. 2d 306, 309, 701 N.E.2d 484, 485 (1998).  Even where the facts are undisputed, where reason­

able persons could draw divergent inferences from those facts any ques­tion of fact should be resolved by the trier of fact.  
Jack­

son v. TLC Associates, Inc.
, 185 Ill. 2d 418, 424, 706 N.E.2d 460, 463 (1998); 
Rhodes v. Illinois Central Gulf R.R.
, 172 Ill. 2d 213, 241, 665 N.E.2d 1260, 1274 (1996).  The inquiry is wheth­

er only one con­clusion may be drawn from the undisputed facts.  
Reynolds v. Decatur Memorial Hospi­tal
, 277
 Ill. App. 3d 80, 84, 660 N.E.2d 235, 238 (1996).  

Factual issues and credibility issues are present in this case.  Where exactly was defendant's vehicle on Prairie Street?  Was sufficient room "left for the free passage of other vehicles"?  625 ILCS 5/11-1301(a) (West 1996).  Were the right-

hand wheels "as close as practicable to the right edge of the right-hand shoulder"?  625 ILCS 5/11-1304(a) (West 1996).  Would the facts available to the police officer warrant a person of reasonable caution to believe that the police action was appro­

priate?   

There was no search in this case.  The only ques­tion before us is whether Kuykendall had the right to stop defendant's vehicle.  Kuykendall had that right if he had probable cause to arrest or issue a citation to any occupant of the vehicle.  Prob­

able cause to justify an arrest exists when the totality of facts and circumstances within the officer's knowl­edge would lead a person of reasonable caution to believe that an offense has been committed and that the person apprehended has committed the of­

fense.
  While mere suspicion by an officer that the suspect is committing or has committed a crime is insuffi­cient to establish probable cause, proof beyond a reasonable doubt required to ob­tain a conviction is not necessary.  
People v. Foster
, 119 Ill. 2d 69, 83, 518 N.E.2d 82, 87 (1987).  In the alter­na­tive, a poli­

ce officer may stop and tempo­rari­ly detain an indi­vidual to con­

duct­ a limited investiga­tion if the officer is able to point to specific and articulable facts that, when taken togeth­er with rea­sonable inferences drawn therefrom, would rea­sonably justify the investi­gative intrusion.  
Terry v. Ohio
, 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880 (1968); 
Peo­ple v. Mar­ti­nez
, 206 Ill. App. 3d 813, 822, 564 N.E.2d 1271, 1276 (1990).  

Courts in this state and others have stated that stop­

ping vehicles where drivers and passengers have switched is jus­

tified when the switch is done shortly before a roadblock.  See 
People v. Scott
, 277 Ill. App. 3d 579, 584, 660 N.E.2d 555, 559 (1996); 
State v. Patterson
, 582 A.2d 1204, 1206 (Me. 1990); 
Mur­

phy v. State
, 864 S.W.2d 70, 77 (Tex. Ct. App. 1992); 
State v. Giessinger
, 235 Neb. 140, 147, 454 N.W.2d 289, 294 (Neb. 1990).  Such stops are justified because the proximity to the roadblock when the change in drivers occurs gives rise to the reasonable suspi­cion that the parties are trying to hide something from authori­ties up ahead.  See 
Patterson
, 582 A.2d at 1208.

But this is not the situation in the instant case.  No authorities were looming ahead threatening to check licensing and registration.  No readily discernable probability of being pulled over existed when defendant switched positions in the car with his passenger.  Nothing during the stop overtly suggested to an onlooker that the defendant or his passenger had anything to hide or was committing an offense or criminal activity.  All that was apparent to any observer, trained or untrained, was that the parties had decided to switch drivers.  Officer Kuykendall's prior experience gave him a possible reason to wonder whether the driver's license may have been suspended or revoked, but, without more, that concern was nothing but a mere hunch--albeit correct--

and not enough to justify the stop of defendant's vehicle.

Our next question is whether, based on the facts avail­

able to Kuykendall, a person of reasonable caution would have concluded that the vehicle should be stopped and a traffic cita­

tion issued for blocking Prairie Street.  
People v. Long
, 99 Ill. 2d 219, 228, 457 N.E.2d 1252, 1255 (1983).  The fact that it did not occur to Kuykendall to stop the vehicle for that purpose, or even that Kuykendall would not have stopped a vehicle for that pur­pose, is irrelevant.  Just as a court may overrule an offi

cer's determina­tion of probable cause even when made in good faith, a court may also find probable cause in spite of an officer's judg­ment that none exists.  An objective test applies.  The subjec­tive inten­tions or beliefs of the officer are not dis­posi­

tive.  
People v. Rucker
, 294 Ill. App. 3d 218, 224-25, 689 N.E.2d 1203, 1208 (1998);  
People v. Bleitner
, 189 Ill. App. 3d 971, 977, 546 N.E.2d 241, 246 (1989); 1 W. LaFave, Search & Sei­zure §1.4 (3d ed. 1996).  

It is difficult to disagree with the trial court's conclusion that, considered from the perspective of a reasonable officer at the time that the situation confronted him, there would have been no traffic violation stop in this case.  See 
Long
, 99 Ill. 2d at 228-29, 457 N.E.2d at 1256.  The trial court did not see this as a "dual motivation" case, or as a "pretextual stop" case.  
Cf.
 
People v. Sinclair
, 281 Ill. App. 3d 131, 136, 666 N.E.2d 1221, 1225 (1996) (dual motivation); 
People v. Sorrells
, 209 Ill. App. 3d 1064, 1069, 568 N.E.2d 497, 500 (1991) (dual motiva­tion); 
Rucker
, 294 Ill. App. 3d at 223-24, 689 N.E.2d at 1207 (pretextual stop); 
People v. Brownlee
, 285 Ill. App. 3d 432, 435, 674 N.E.2d 503, 505 (1996) (pretextual stop), 
deci­sion
 
after
 
remand
, 293 Ill. App. 3d 315, 687 N.E.2d 1174 (1997), 
rev'd
, No. 84739 (June 17, 1999), ___ Ill. 2d, ___, ___ N.E.2d ___.  In the view of the trial court, based on the facts known to Kuykendall at the time of the stop, there was no basis for be­lieving that a traffic violation had occurred in this case.  Although the trial court did not go into detail, it clear­ly held, "There was no traffic violation."  The State did not sustain its burden of establishing that the facts available to Kuykendall indicated a violation.  Kuykendall could not say there was not enough room on Prairie Street for other traffic to pass.  Kuykendall did not testify that the wheels of defendant's vehicle were not as close as prac­ticable to the shoulder.  There was no testimony that police in Greenfield ever write tickets for stop­

ping on a roadway or block­ing a street.  The fact that Kuykendall did not mention those offenses until the time of the motion hear­

ing is some indi­cation that a reasonable officer would not have seen facts indi­cating a viola­tion here and that the offens­es were thought of in hind­sight, as an attempt to justify the stop.

The judgment of the trial court quashing the ar­rest and dis­missing the charges is affirmed.

Affirmed.       

KNECHT, P.J., and McCULLOUGH, J., concur.